IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESTERN TIMBER FRAME, a Utah corporation;<br>    Plaintiff,<br><br>v.<br><br>WRIGHT TIMBERFRAME, a Utah limited liability corporation;<br><br>    Defendant. | Case No. 2:14-CV-00741-BSJ<br><br>**ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

  Plaintiff Western Timber Frame, Inc. ("Western") requested this Court grant its Motion for Partial Summary Judgment[1] against Defendant Wright Timberframe, LLC ("Wright") and find that Wright infringes Western's THE DOVETAIL DIFFERENCE mark under the United States Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a). Wright, in turn, filed its cross Motion for Partial Summary Judgment[2] requesting that this Court find that it does not infringe Western's THE DOVETAIL DIFFERENCE mark.

  This matter was argued before the Court on March 16, 2016. Appearing on behalf of plaintiff Western were Brett J. Davis and Robert Aycock of Pia Anderson Dorius Reynard & Moss. Appearing on behalf of defendant Wright were Joseph E. Minnock and Anna Nelson of Morgan, Minnock, Rice & James.

---

[1] Dkt. no. 36.
[2] Dkt. no. 46.

Having heard and considered the arguments advanced by counsel, and having reviewed the briefs and record in this case as well as the pertinent authorities, this Court now rules as follows:

(1) Western has a protectable interest in its THE DOVETAIL DIFFERENCE mark;

(2) Wright's accused THE DOVETAIL DIFFERENCE mark is identical to Western's THE DOVETAIL DIFFERENCE mark;

(3) Wright's use of THE DOVETAIL DIFFERENCE mark is likely to cause confusion with Western's THE DOVETAIL DIFFERENCE mark;

(4) Western's Motion for Partial Summary Judgment is GRANTED with respect to its claim that Wright is infringing its THE DOVETAIL DIFFERENCE mark under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

(5) Wright's cross Motion for Partial Summary Judgment is DENIED with respect to its claim that it is not infringing Western's THE DOVETAIL DIFFERENCE mark.

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

## II. FINDINGS OF FACT

1. Western began business in 2009 designing, manufacturing and selling timber frame structures, including pergolas, pavilions, arbors, trellises, breezeways, porte-cocheres, awnings, entryways, wood shutters, and gazebos.

2. In early 2010, Western adopted and began using its THE DOVETAIL DIFFERENCE mark in association with the promotion of its timber frame products.

3. The image below shows a typical sales display used by Western showing use of Western's THE DOVETAIL DIFFERENCE Mark on signage associated with a Western pergola offered for sale:



4. Western's THE DOVETAIL DIFFERENCE mark is affixed to, or is displayed in association with, the timber frame structures used in the displays at Western's in-house showroom.

5. Since its inception and long before Wright's entrance into the marketplace, Western has had customers visiting its in-house showroom at its facilities, where each of these customers has been exposed to Western's products and its THE DOVETAIL DIFFERENCE mark during their visit.

6. Western has also used and continues to use sales displays inside of third-party retail establishments in the promotion of its products using THE DOVETAIL DIFFERENCE mark.

7. Since its inception and long prior to Wright's entrance into the market, Western has used THE DOVETAIL DIFFERENCE mark on its website.

8. Wright began business in late 2013.

9. Wright offers for sale timber frame structures, including pergolas, trellises, and pavilions.

10. Wright and Western are direct competitors and compete for the same customers within the same geographical area.

11. Wright began using its accused THE DOVETAIL DIFFERENCE mark on its main commercial website at the time that it began operations.

12. Prior to adopting its accused THE DOVETAIL DIFFERENCE mark, Wright's owner, Samuel Wright ("S.Wright") admitted that he accessed Western's website and saw Western's products and Western's THE DOVETAIL DIFFERENCE mark.

13. Wright's website developer, John Meservy has testified that he was directed by S.Wright to copy content from Western's website onto the Wright website, including THE DOVETAIL DIFFERENCE mark. S. Wright denies that he directed Mr. Meservy to copy any information from Western's site.

### III. CONCLUSIONS OF LAW

In order to prevail on a claim for infringement brought under § 43(a) of the Lanham Act, an owner of an unregistered trademark must prove:

(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used "an identical or similar mark" in commerce; and (3) that the defendant's use is likely to confuse consumers.

*1-800 Contacts v. Lens.com*, 722 F.3d 1229, 1238 (10th Cir. 2013)(citations omitted). With respect to these three requirements, Wright's only argument is that "the phrase 'The Dovetail Difference" is not a protectable mark...."[3] That is, Wright did not contest Western's allegations that Wright was using an identical or similar mark in commerce and that there was a likelihood of confusion.[4] Instead, Wright contends that Western does not have a protectable interest because (1) "Western has not used the phrase 'The Dovetail Difference' as a trademark"[5]; and (2) "the phrase 'The Dovetail Difference' is merely a description of one of the characteristics of a Western's products [sic] and, therefore is not entitled to protection absent evidence of secondary meaning."[6]

For the reasons set forth below, this Court finds that there is no genuine issue of material fact that Western has a protectable interest in its THE DOVETAIL DIFFERENCE mark.

### A. Western has and is Using its THE DOVETAIL DIFFERENCE Mark as a Trademark

The Lanham Act defines a trademark mark to include "any word ... or any combination thereof ... <u>used</u> by a person ... to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the

---

[3] Wright's Motion for Partial Summary Judgment and Memorandum in Opposition of Plaintiff's Motion for Partial Summary Judgment (dkt. no. 44), p. 46.
[4] In contrast, with respect to its alleged infringement of Western's WT mark, Wright only contested that there was a likelihood of confusion. *Id.*, pp. 33-46.
[5] *Id.*, p. 46.
[6] *Id.*, p. 47.

source of the goods, even if that source is unknown."[7] The Lanham Act deems a mark in use when

> it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale ....[8]

The Lanham Act's "use in commerce" requirement is similar to acquiring a protectable interest in a mark at common law, which requires adoption and use of a mark in order to obtain a protectable interest.

This Court finds that the undisputed facts show that Western is sufficiently using its THE DOVETAIL DIFFERENCE mark in commerce such that it has a protectable interest under the Lanham Act (and at common law). Wright admitted as undisputed that Western adopted and began using THE DOVETAIL DIFFERENCE mark in association with the promotion of its timber frame products in 2010.[9] Wright further admitted as undisputed that Western's THE DOVETAIL DIFFERENCE Mark is a mark.[10] In addition, Wright admitted as undisputed that since its inception and long before Wright's entrance into the marketplace, Western has had customers visiting its in-house showroom at its facilities, where each of these customers has been exposed to Western's products and its THE DOVETAIL DIFFERENCE mark during their visit.[11]

---

[7] 15 U.S.C. § 1127 (emphasis added).
[8] *Id.*
[9] Wright's Motion for Partial Summary Judgment and Memorandum in Opposition of Plaintiff's Motion for Partial Summary Judgment (dkt. no. 41), p. 5, ¶ 3.
[10] *Id.*, p. 5, ¶ 4.
[11] *Id.*, p. 11, ¶ 19.

Based upon the above, this Court finds that there is no genuine dispute as to any material fact that Western adopted, has used, and is using its THE DOVETAIL DIFFERENCE mark in commerce and, therefore, has a protectable interest.

### B. Western's Mark is Suggestive

Wright further contends that Western's THE DOVETAIL DIFFERENCE mark is not protectable because the mark is descriptive and has not acquired secondary meaning. Western, on the other hand, contends that its mark is suggestive and therefore protectable. For the reasons set forth below, this Court agrees with Western that THE DOVETAIL DIFFERENCE mark is suggestive.

In regard to the difference between suggestive and descriptive marks, the Tenth Circuit has stated:

> Although "[t]he distinction between descriptive and suggestive marks is difficult" and "often based on intuitive reactions rather than analytical reasoning," we have endorsed a helpful test for distinguishing between the two categories: "suggestive terms are those which require the buyer to use thought, imagination, or perception to connect the mark with the goods," whereas "[d]escriptive terms are those which *directly convey* to the buyer the ingredients, qualities, or characteristics of the product."[12]

Thus, the question before the Court is whether Western's THE DOVETAIL DIFFERENCE mark directly conveys information regarding the ingredients, qualities, or characteristics of the product. The answer to this question is "no."

This Court finds that the THE DOVETAIL DIFFERENCE mark is a suggestive mark because it requires that the consumer use thought, imagination, or perception to connect it to Western's products because, although the mark alludes to a "difference" in

---

[12] *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1152-53 (10th Cir. 2013)(citations omitted, italics in original).

7

the use of a dovetail, it does not directly convey what that difference entails. For this reason, this Court finds that Western's THE DOVETAIL DIFFERENCE mark is suggestive and, therefore, is a valid and protectable mark.

## ORDER

Based on the foregoing, it is hereby:

ORDERED that the Plaintiff's Motion for Partial Summary Judgment on its Third Cause of Action as set forth in its Amended Complaint is hereby granted.

Dated this 26th day of April, 2016.

_____
Honorable Bruce S. Jenkins

Approved as to Form:

_____
Joe Minnock
Morgan, Minnock, Rice & James