L. Rex Sears (Bar No. 8548)
 rsears@mabr.com
MASCHOFF BRENNAN PLLC
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:   (435) 252-1360
Facsimile:    (435) 252-1361

Joseph E. Minnock (Bar No. 6281)
 jminnock@mmrj.com
MORGAN, MINNOCK, RICE & MINER, LC
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah 84101
Telephone:   (801) 531-7888
Facsimile:    (801) 531-9732

Attorneys for Defendant Wright Timberframe, L.L.C.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESTERN TIMBER FRAME, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WRIGHT TIMBERFRAME, L.L.C., a Utah Limited Liability Corporation,<br><br>Defendant. | Civil No.  2:14-cv-00741-BSJ<br><br>**ERRATA RE DEFENDANT WRIGHT TIMBERFRAME, L.L.C.'S PROPOSED ORDER ON ITS SUCCESSFUL CROSS-MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF "WT"**<br><br>Honorable Bruce S. Jenkins |

Plaintiff Western Timber Frame, Inc. ("Western") and defendant Wright Timberframe, L.L.C. ("Wright") filed cross-motions for summary judgment on Western's claims for infringement of the slogan THE DOVETAIL DIFFERENCE and the mark WT (*see* ECF Nos.

36, 46). At the March 16, 2016 hearing on those cross-motions, the Court granted Western's motion for summary judgment of infringement of THE DOVETAIL DIFFERENCE and granted Wright's cross-motion for summary judgment of *non*-infringement of WT. (*See* Motions Hearing tr. at 63:9–18, 64:2–6.) The Court has already entered an order (ECF No. 76) memorializing its ruling on THE DOVETAIL DIFFERENCE. No written order has yet been entered on WT.

Proposed orders on WT were submitted by the parties. (*See* ECF Nos. 75-1, 75-2.) At the time, Wright was represented only by insurance-appointed counsel (Joseph E. Minnock and Annan Nelson of Morgan, Minnock, Rice & Miner, L.C.). Since then, Wright has engaged independent counsel (L. Rex Sears of Maschoff Brennan PLLC; *see* ECF No. 82) because Wright's insurer is contesting coverage on the same ground (willfulness) that Western is trying to recover. Because Wright's insurer has thus aligned its interests with Western's, the insurer has forfeited any right to direct Wright's defense and is obligated to provide Wright with independent counsel of Wright's own choosing. The dispute between Wright and his insurer over the insurer's obligations are being litigated in a separate action, *Wright Timberframe, LLC v. Auto-Owners Insurance Co.*, No. 2:16-cv-01030-PMW (D. Utah).

Wright's undersigned independent counsel does not endorse the proposed form of order on Wright's motion for summary judgment of noninfringement of WT that was previously submitted by Wright's insurance-appointed counsel. That form includes findings and conclusions that are entirely immaterial to Wright's success on Western's WT claim, but which could support the insurer's and Western's claim that Wright willfully infringed THE DOVETAIL DIFFERENCE and Western's alleged trade dress. For example, the form of order submitted by Wright's insurance-appointed counsel includes the following:

> 5. Prior to Wright adopting its accused WT and THE DOVETAIL DIFFERENCE marks, Wright's owner, Samuel Wright, accessed and viewed Western's website and products.
>
> 6. Prior to Wright adopting its accused WT and THE DOVETAIL DIFFERENCE marks, Wright's owner, Samuel Wright, and Wright had knowledge of Western's WT and THE DOVETAIL DIFFERENCE marks.

(*See* ECF No. 75-1 at 4.) Those findings, proposed by Wright's insurance-appointed counsel, have no bearing whatsoever on Wright's success in proving noninfringement of WT—but they would support the willful-infringement theory being advanced by Wright's insurer and Western relating to THE DOVETAIL DIFFERENCE and Western's alleged trade dress.[1]

As an appropriate alternative to either of the proposed orders presently before the Court, Wright's independent counsel proposes the form of order attached as Exhibit A hereto. The attached should be non-controversial because it includes *only* findings and conclusions that appear *both* in the form of order previously proposed by Wright's insurance-appointed counsel *and* in the form of order proposed by Western; specifically, the proposed findings and conclusions appear as paragraph 1 of the findings and paragraphs 6 and 8 of the conclusions previously proposed by Wright's insurance-appointed counsel (*see* ECF No. 75-1 at 4, 5), and paragraph 20 of the findings and paragraphs 6 and 8 of the conclusions previously proposed by Western (*see* ECF No. 75-2 at 8, 9). The only substantive difference between the attached and

---

[1] Wright's undersigned independent counsel also disputes the propriety of other findings proposed by insurance-appointed counsel; for example:

> 5. The Court holds that there is no genuine dispute that Western's and Wright's products, customers and channels of trade are highly similar.

(*See* ECF No. 75-1 at 4–5.) That finding, too, has no bearing whatsoever on noninfringement of the WT mark—but Western could exploit it to support Western's trade dress infringement claim. And Wright's insurer could try to capitalize on insurance-appointed counsel's characterization of THE DOVETAIL DIFFERENCE as a mark, rather than a slogan, to evade liability under a trademark exclusion appearing in Wright's policy.

what has previously been proposed is that the attached excludes proposed findings and conclusions that are extraneous to Wright's defeat of Western's WT claim, including findings and conclusions that Western and Wright's insurer could use to prove *willful* infringement of THE DOVETAIL DIFFERENCE and Western's alleged trade dress.

    Wright hereby withdraws its previously proposed order and respectfully requests that the Court enter, instead, an order in the form of Exhibit A hereto.

DATED: October 10, 2016                                    MASCHOFF BRENNAN

                                                         By:    */s/ L. Rex Sears*
                                                                       Attorneys for Defendant
                                                                        WRIGHT TIMBERFRAME, LLC.