BRETT DAVIS (7840)
bdavis@padrm.com
ROBERT AYCOCK (8878)
raycock@padrm.com
**PIA ANDERSON MOSS HOYT**
136 East South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff Western Timber Frame*

---

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESTERN TIMBER FRAME, a Utah corporation;<br><br>     Plaintiff,<br><br>  v.<br><br>WRIGHT TIMBERFRAME, a Utah limited liability corporation;<br><br>     Defendants. | **WESTERN TIMBER FRAME, INC.'S OPPOSITION TO WRIGHT TIMBERFRAME, L.L.C.'s MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF WRIGHT'S PROFITS FROM ALLEGED TRADE DRESS INFRINGEMENT**<br><br>Case No. 2:14-cv-00741-BSJ<br><br>Judge Bruce S. Jenkins |

---

Plaintiff Western Timber Frame, Inc. ("Western") opposes Defendant Wright

Timberframe L.L.C.'s ("Wright") Motion *In Limine* to Exclude Evidence of Wright's Profits

From Alleged Trade Dress Infringement ("Motion") on the grounds and facts set forth herein.

**MEMORANDUM IN OPPOSITION**

## I.      INTRODUCTION

Wright's Motion should be denied as it is not supported by law or fact.  First, Wright's Motion is procedurally improper and untimely because it is not a motion *in limine* at all, as it requests the Court find as a matter of law that Wright's alleged infringement of Western's trade dress is not willful.  Thus, Wright's Motion should be construed as an untimely motion for summary judgment filed under the guise of a motion *in limine* and, therefore, should be denied by the Court on this basis alone.

Second, Wright's contention that this Court should give evidentiary weight to the actions of the United States Patent and Trademark Office ("PTO") in relation to Western's U.S. Trademark Application No. 86348719 ("the PTO proceeding") is misplaced as there has been no final decision entered by the PTO.  In fact, the PTO has actually issued a stay of the PTO proceeding pending the outcome of this litigation due to the fact that the refusal to register Western's trade dress is based upon Wright's website.  By its issuance of the stay, the PTO has acknowledged that any final determination it could reach in the PTO proceeding is wholly dependent on the outcome of this litigation.  Thus, this Court should not give any weight to the still pending PTO proceeding because its results are inconclusive at this point and time.[1]

Third, Wright is precluded from using evidence of the PTO proceeding in support of its Motion or at trial because it failed to timely disclose the evidence, information and legal theories set forth in its Motion during fact discovery as it was required to do in its Rule 26(a) initial disclosures and in response to Western's discovery requests.  In fact, Wright first disclosed its intention to rely at trial on the file history of the PTO proceeding in its proposed trial exhibit list

---

[1] Western has filed a motion in *limine* more fully addressing this issue. *See* Western Timber Frame, Inc.'s Motion in Limine to Exclude the File History of its U.S. Trademark Application No. 86348719, filed 10/28/2016 (Dkt. No. 97).

that was served on Western on October 29, 2016, a week before the final pre-trial conference and a year after the close of fact discovery. Wright is therefore barred from using evidence of the PTO proceeding in support of its Motion or at trial under the Federal Rules of Civil Procedure ("FRCP").[2]

Fourth, even if this Court gives weight to the PTO proceeding, Wright's contention that the PTO proceeding precludes a finding of willful infringement is *non sequitur* as the PTO proceeding was initiated well after Wright began selling the accused products. Further, Western may produce evidence at trial that could support a finding of willfulness. And, if any weight were afforded, the PTO proceeding actually demonstrates that the PTO has found that Wright's designs are infringing as they have created a likelihood of confusion with Western's protected designs.

Lastly, contrary to demonstrating that Western, or its counsel, committed any malfeasance in responding to Wright's discovery requests, Wright's Motion actually shows that Wright propounded an improper and overly broad production request in violation of its duty to articulate discovery requests with "reasonable particularity." *See* Fed.R.Civ.P. 34(b)(1)(A). Western simply had no obligation to respond to Wright's kitchen sink discovery request. Thus, this Court should reject Wright's attempt to blame Western for its own failure to properly conduct discovery.

## II. WRIGHT'S MOTION *IN LIMINE* SHOULD BE DENIED BECAUSE IT IS REALLY AN UNTIMELY MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF WILLFUL INFRINGEMENT

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*,

---

[2] Western has filed a motion to exclude the file history of the PTO proceeding. *See* Western Timber Frame, Inc.'s Motion to Exclude Wright Timberframe, L.L.C's Untimely Disclosed Evidence and Witness under Fed.R.Civ.P. 37)(c), filed 10/28/2016 (Dkt. No. 96).

469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion *in limine*, however, may not be used to resolve factual disputes that should have been resolved by summary judgment. "In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion." *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013)(denying a motion *in limine* that was actually a motion for summary judgment). In *Louzon,* the court reasoned that

> [a]llowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment. *See Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C.2010) ("In light of their limited purpose, motions in limine should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.") (internal quotation marks omitted); see also 21 Wright & Graham, supra, § 5037.10 ("[T]he only parties willing to invest the time and money in making motions in limine on cases that may never go to trial are repeat players like insurance companies and prosecutors or deep pockets willing to spend money on scorched earth tactics to discourage impecunious plaintiffs.").

*Louzon*, 718 F.3d at 561 (6th Cir. 2013).

In the present case, the present Motion requests the Court find that Wright's alleged infringement of Western's trade dress is not willful because "Wright's doubts about the protectability of Western's alleged trade dress are at least reasonable." Wright's request clearly involves both legal and factual challenges and no real evidentiary issues under the Rules of Evidence. As such, Wright's Motion is really an untimely motion for summary judgment filed under the guise of a motion *in limine*. Therefore, the Court should deny Wright's Motion.

## III.   THIS COURT SHOULD NOT GIVE NO WEIGHT TO THE PTO PROCEEDING BECAUSE NO FINAL DECISION HAS BEEN RENDERED AND BECAUSE THE PTO ISSUED A STAY PENDING THE OUTCOME OF THIS LITIGATION

Wright argues that this Court should give weight to the PTO Proceeding in the determination of similar issues in this action. However, since the PTO Proceeding is still

pending, this Court cannot give any weight to the PTO Proceeding as it would deprive Western of a full and fair opportunity to litigate the issues both here and at the PTO. Moreover, the PTO has actually stayed the PTO proceeding pending the outcome of this case. Thus, the PTO proceeding is inconclusive as it relates to the issues in this case. Western has fully briefed this issue in its co-pending motion *in limine* and directs the Court's attention to that motion.   *See* Western Timber Frame, Inc.'s Motion *in Limine* to Exclude the File History of its U.S. Trademark Application No. 86348719, filed 10/28/2016 (Dkt. No. 97).

## IV.   WRIGHT IS BARRED FROM USING THE EVIDENCE OFFERED IN SUPPORT OF ITS MOTION BECAUSE IT FAILED TO TIMELY DISCLOSE IT

Western objects to the admissibility of Wright's evidence used in support of its Motion because Wright failed to timely disclose the evidence, information, and legal theories set forth in its Motion. To the point, Wright failed to supplement its Rule 26(a) initial disclosures and discovery responses with the evidence relied upon in support of its Motion. In fact, Wright only just disclosed its intention to use the file history of the PTO proceeding at trial on October 27, 2016, a mere week before the Final Pretrial Conference. However, Wright has been aware of the PTO proceeding for some time as Wright's counsel, L. Rex Sears, and the undersigned discussed the PTO proceeding just prior to the status conference before the Court on September 15, 2016. *See* Declaration of Brett J. Davis, ¶¶ 3-4 (Dkt. No. 96-1).   Thus, Wright is barred from using this evidence in support of its Motion or at trial under Fed.R.Civ.P. 37(c). Western has fully briefed this issue in its co-pending motion to exclude and directs the Court's attention to that motion. *See* Western Timber Frame, Inc.'s Motion to Exclude Wright Timberframe, L.L.C's Untimely Disclosed Evidence and Witness under Fed.R.Civ.P. 37(c), filed 10/28/2016 (Dkt. No. 96).

## V.   EVEN IF THE COURT CONSIDERS THE PTO PROCEEDING, GENUINE ISSUES OF FACT EXIST ON THE ISSUE OF WILLFUL INFRINGEMENT

As an initial matter, Wright's contention that the PTO proceeding precludes a finding of willful infringement is *non sequitur*. The PTO proceeding was initiated on August 25, 2014. Wright, on the other hand, began selling the accused products well before this date. Accordingly, Wright could not have relied upon, or had knowledge of, the PTO proceeding to excuse itself for selling the accused products.

Further, Western will produce evidence at trial that will support a finding of willful infringement. For example, during discovery, Wright specifically admitted that it viewed Western's website and products prior to entering the market. *See* Wright Timberframe, L.L.C.'s Answers to Western Timberframe, Inc.'s First Set of Interrogatories, No. 4. This admission could support a finding that Wright willfully infringed. Accordingly, there exist genuine issues of fact that preclude this Court from a finding that Wright did not willfully infringe.

## VI.   WESTERN PROPERLY OBJECTED TO, AND HAD NO OBLIGATION TO RESPOND TO WRIGHT'S OVERLY BROAD DOCUMENT REQUEST

Wright's insinuation that it did not previously learn of the evidence at issue in its Motion because Western failed to fully respond to its document request is unwarranted. Wright's document request at issue is reproduced below in its entirety:

> Request No. 4: All document in your possession, custody or control that relate to, support, or contradict the allegations, claims or defenses made by you.

This request clearly violated Wright's duty under Rule 34(b)(1)(A) of the FRCP to state its discovery request with "reasonable particularity."

In striking a similarly overbroad document request, the Tenth Circuit stated:

> Finally*,* we agree with the district court that Document Request 6, seeking from Walgreen "all documents ... that refer to, mention or relate in any way to Plaintiff, Whitlock, or the litigation or the allegations, facts and circumstances

concerning the litigation," is overly broad. Under our rules, parties to civil litigation are given broad discovery privileges. But with those privileges come certain modest obligations, one of which is the duty to state discovery requests with "reasonable particularity." Fed.R.Civ.P. 34(b)(1)(A). All-encompassing demands of this kind take little account of that responsibility. Though what qualifies as "reasonabl[y] particular" surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said "to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced." Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415. We cannot disagree with the district court that Ms. Touhy's kitchen sink request failed to meet this standard.

*Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, 649–50 (10th Cir. 2008). As in *Regan-Touhy,* Western had no obligation to respond to Wright's overly broad, kitchen sink discovery request that failed to state with any "reasonably particularity" the documents that Wright sought. Western timely and properly objected to this request. Thus, Wright's purported failure to learn of the evidence used in support of its Motion falls squarely on its own shoulders because of its inability to articulate document requests with "reasonable particularity,"

**VII.   CONCLUSION**

For the reasons stated above, Western requests that the Court deny Wright's Motion.

DATED this 31st day of October, 2016.

PIA ANDERSON MOSS HOYT

/s/ *Brett J. Davis*
BRETT DAVIS
ROBERT AYCOCK

PIA ANDERSON MOSS HOYT

*Attorneys for Plaintiff Western Timber Frame, Inc.*

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of foregoing document has been served on October 31st, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


/s/ Brett Davis_____
BRETT DAVIS
*Attorney for Plaintiff Western Timber Frame*